IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:17CR-00267-DPM |
| | ) | |
| | ) | |
| ERIC SCOTT KINDLEY | | |

# UNITED STATES' MOTION FOR RETURN OF DISCOVERY PURSUANT TO PROTECTIVE ORDER

Pursuant to Rule 16(d)(1), the United States and the defendant moved for a protective order to restrict discovery. The Court granted that motion and issued an agreed protective order restricting the dissemination of the discovery in this matter. (Doc. 17). The order specifically limited disclosure to the defendant and the defense team. The order required the defense team to safeguard and not disclose the discovery provided to them, other than to the extent necessary to prepare defense. In relevant part, the order also required:

> Counsel for the defendant shall return to the government or destroy all discovery and any copies thereof immediately upon the conclusion of the case or shall maintain these materials in accordance with defense counsel's written document retention policy.

On September 10, 2019, the Court appointed the defendant new counsel and relieved the Office of the Federal Defender. That same day, the undersigned prosecutors contacted Chris Tarver, former attorney for the defendant, and requested that he return his copy of discovery to the United States Attorney's Office. As this Court is aware, the discovery in this case is voluminous, and the United States is trying to expedite discovery to new counsel for the defendant.

1

On September 11, 2019, Mr. Tarver informed the undersigned prosecutors that the "AOC" requires his office to keep a copy of discovery. Assuming that "AOC" is the Administrative Office of Courts, the United States nonetheless requests this Court to enter an order requiring Mr. Tarver to return the discovery to the United States Attorney's Office.[1]

Notably, the United States provided the defendant with copies of FBI FD-302s and other discovery beyond what is standard practice in the Eastern District of Arkansas, in an effort to expedite review. Returning those documents, for example, cannot be inconsistent with the "AOC" requirements. As the Court knows, the United States has tendered at least 49,650 pages of discovery, 20,576 pages of which are substantive and do not include the eight bankers' boxes of transport records that the FBI seized from the defendant's home. The United States has further provided to defense counsel approximately three terabytes of digital data and 36.6 gigabytes of audio-visual data. Given the volume of discovery (and the space needed to store it), and the fact that the Office of the Federal Defender no longer represents the defendant, there seems to be no real need for former counsel to keep a copy of discovery, especially where the protective order calls for return of discovery as one of the options.

The United States intends to expeditiously provide discovery to defense counsel. But given the sensitive nature, the volume of discovery, and the fact that there is a protective order in place, the United requests an order requiring the defendant to return discovery as soon as possible to the United States Attorney's Office.

'

---

[1] The undersigned prosecutors were unable to the find the "AOC" requirements, though we do not doubt Mr. Tarver's understanding of it.

Respectfully submitted,

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

*s/ Fara Gold*
FARA GOLD
Special Litigation Counsel
MAURA WHITE
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave, NW – PHB 5200
Washington, DC 20530

.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chris Tarver, former attorney for the Defendant.

John Wesley Hall, attorney for the Defendant.

*s/ Fara Gold*
Fara Gold
Special Litigation Counsel