## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF

v.                          No. 4:17-cr-267-DPM

ERIC SCOTT KINDLEY                                  DEFENDANT

### ORDER

The United States has given notice that it intends to offer seven witnesses pursuant to Rule 413 and another eight pursuant to Rule 404(b). № 35. Kindley objects, arguing that the proffered evidence would deny him a fair trial. № 67. He asks that the evidence be excluded entirely or, in the alternative, greatly limited. The Court thanks the parties for airing these issues well in advance of trial.

**1. Due Process.** Kindley's first attack on this evidence has many aspects, but they're all about due process. This constitutional objection is preserved but overruled. The Eighth Circuit has long held that Rule 413 evidence is constitutional, at least when constrained by Rule 403. *United States v. Mound*, 149 F.3d 799, 800–01 (8th Cir. 1998). This Court is bound by that precedent; and it has done its best to strike a fair Rule 403 balance.

In a more focused challenge, Kindley argues that allowing propensity to be proved by a preponderance eases the United States' burden to prove each element beyond a reasonable doubt. № 67 at 15.

There's something to this.  If propensity—proved only by a preponderance—is the only evidence presented on any element, then Kindley's argument will be strong.  But that argument would support acquittal after all the evidence is in, not exclusion on the front end.  This objection is overruled without prejudice.

The differing burdens of proof do highlight the need for limiting instructions.  The Court leans on the parties to help it craft them.  The United States has proposed two.  *№ 75 at 29–30.*  And the Court will consider any proposed limiting instruction from Kindley as his fall-back position, reserving his argument that propensity evidence should be proved beyond a reasonable doubt.

**2. Rule 413 Evidence.**  The United States has proffered Rule 413 testimony from seven women who allege that Kindley assaulted or attempted to assault them.  Though the Rules of Evidence usually exclude propensity evidence, Rule 413 allows it in sexual assault cases. FED. R. EVID. 413(a);  *United States v. Gabe*, 237 F.3d 954, 959–60 (8th Cir. 2001).  Rule 403 provides a check.  In conducting the Rule 403 balancing, however, Courts must account for the "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible."  *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997).

The Court excludes K.K.2's testimony.  Her account is an outlier among the Rule 413 evidence.  The other proffers are from female prisoners whom Kindley allegedly assaulted when he transported

them. By contrast, K.K.2 is Kindley's former wife; and the alleged assault took place in their home. The fit between that act and the crimes charged here is imprecise. *United States v. Luger*, 837 F.3d 870, 874 (8th Cir. 2016). And that imprecision might cause the jury to draw broader conclusions about Kindley's propensity than it would if faced with other similar allegations. Further, the marital relationship is a complicating circumstance. Even considering the legislative preference for admissibility, this evidence carries too great a risk that a jury would convict because "a bad person deserves punishment[,]" rather than because they're convinced of guilt on a charge. *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997).

The Court also excludes J.S.'s Rule 413 testimony. As the United States notes, this proffered testimony is light on specifics, either because of the victim's unconsciousness or the trauma of the event. But the lack of particulars makes it more difficult for the Court to analyze similarity to the charged offenses and thus probative value. This testimony also creates the risk of drift: A mini-trial about what J.S. does and does not remember, and why, is quite likely. The United States has detailed accounts from several other alleged victims. J.S.'s testimony creates too great a risk of marginal disputes without providing much probative value in return.

That leaves five proffered Rule 413 witnesses. Taken in isolation, any of them is admissible under the Rules: Each alleged incident bears

-3-

striking similarities to the charged assaults and is therefore probative of propensity. *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000). Taken individually, no account is so unfairly prejudicial or problematic that it requires exclusion under Rule 403.

The issue here is volume. The United States is entitled to enough material to address the "difficult credibility determinations that would otherwise become unresolvable swearing matches[.]" *Mound*, 149 F.3d at 801 (quotation omitted). But admitting testimony from all five witnesses would compromise Kindley's due process rights, virtually guaranteeing a conviction based on the alleged prior acts rather than the charged crimes. And there's an issue of diminishing evidentiary returns — each additional account carries a bit less probative value, but a bit more prejudice to Kindley. Finally, admitting all of the propensity evidence would be cumulative and needlessly prolong the trial. As the District Court in *United States v. Crow Eagle* put it, "at some point it does seem enough is enough[.]" 705 F.3d 325, 328 (8th Cir. 2013).

Considering the competing interests, the Court intends to allow the United States to present three of the remaining five Rule 413 witnesses. The remainder are excluded under Rule 403. As the United States notes, it needs some flexibility in deciding which witnesses to present because of potential availability problems. № 71 at 5. The Court therefore leaves it to the United States to decide which three of

the five remaining witnesses to present. It must make that decision and give Kindley notice no later than the January 28th pretrial.

Finally, the Court will hold the United States to its promise: it must limit its Rule 413 proof to testimony about the alleged acts from the women who endured them and evidence of initial disclosure. *№ 71 at 4*. Streamlining this testimony will keep the issues focused and reduce the risk that the jury will get confused or convict on an improper basis.

**3. Rule 404(b) Evidence.** In addition to its Rule 413 proof, the United States wants to present evidence from eight more witnesses about Kindley's prior bad acts. Given the overlap with the United States' case in chief, the Court will admit T.W.'s testimony and C.B.1's testimony about her second transport with Kindley. The Court excludes the rest of the proffered Rule 404(b) evidence: When offered in conjunction with the Rule 413 evidence, the volume of this evidence would unfairly prejudice Kindley and increase the likelihood of a emotion-driven verdict. It would also prolong the trial with cumulative evidence. And it would confuse the jurors, who would have to keep straight which evidence they can and cannot draw propensity inferences from. Last, the probative value of this evidence is minimal: The United States will present the two victims, three Rule 413 witnesses, and T.W. and C.B.1. That's sufficient to address issues like opportunity, intent, and plan, and to do so thoroughly. FED. R.

EVID. 404(b)(2).  Considering the case as a whole, the probative value of all the other proposed Rule 404(b) evidence is substantially outweighed by the risk of unfairly prejudicing Kindley, confusing the issues, and needlessly presenting cumulative evidence.

\* \* \*

Objections, № 67, partly sustained and partly overruled. Testimony from K.K.2 and J.S. is excluded.  The United States may offer three of its remaining Rule 413 witnesses, as well as the two Rule 404(b) witnesses whose testimony is intertwined with the United States' case-in-chief.  The rest of the proffered evidence is excluded pursuant to Rule 403.   The United States must identify which three Rule 413 witnesses it will call by 28 January 2020.

So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_21 November 2019_