IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:17CR-00267-DPM |
| | ) | |
| | ) | |
| ERIC SCOTT KINDLEY | ) | |

**UNITED STATES' RESPONSE IN SUPPORT OF DEFENDANT'S REQUEST FOR ADDITIONAL VOIR DIRE QUESTIONS ABOUT JURY INDEPENDENCE**

The United States, through its undersigned prosecutors, files this response in support of the Defendant's Request for Additional Voir Dire Questions About Jury Independence (Doc. 101), and joins said request that the Court impress upon the venire the constitutional significance of their role as prospective petit jurors.

The American jury system is "one of the most important safeguards against tyranny which our law has designed," *Lee v. Madigan*, 358 U.S. 228, 234 (1959), and the role of the jury is enshrined in the Constitution. U.S. Const. art. III, § 2; amend. VI; amend. VII. While the Constitution, and the Sixth Amendment in particular, undergirds all criminal jury trials, it plays an especially prominent role in this case where the defendant is charged with depriving his victims of their constitutional rights under color of law by sexually assaulting them while serving in his capacity as a private prisoner transport officer. To be sure, the defendant is entitled to be tried by a fair and impartial jury, who will listen to the facts and follow the law. So too, is the United States, and by extension, the victims, entitled to a fair trial. *See, e.g. United States v. Gilliam*, 994 F.2d 97, 105 (2d Cir. 1993) (Government has a right to a fair trial); *United States v. Lustyik*, 2014 WL 2946643, at *10 (D. Utah June 30, 2014) (same); *Ayala-Colon v. United States*, 2012 WL 1450034, at *2 (D.P.R. Apr. 26, 2012) (same).

Just as this prosecution was brought in the traditions of the United States Department of Justice, without fear or favor or political influence, the trial jurors must also "discharge [their] duty in conformity with [their] oaths, without fear or favor, and without bias or prejudice," *Peonage Cases*, 136 F. 707, 709–10 (E.D. Ark. 1905) (Discussing the constitutional obligations of grand jurors); *United States v. Allis*, 73 F. 165, 167 (C.C.E.D. Ark. 1893), *aff'd*, 155 U.S. 117, 15 S. Ct. 36, 39 L. Ed. 91 (1894) (Jurors and judge take the same "solemn oath to discharge [their] duty without fear or favor, according to the law and the evidence," and to do so "honest[ly] and faithful[ly]" with "courage, integrity, impartiality, and zealous determination to do exact justice…"). Moreover, the prosecutor, as a "servant of the law," has an obligation "not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). The undersigned prosecutors are therefore essentially mandated, by virtue of our constitutional oaths, to join in the defendant's request that the Court impress upon the venire the significance of their duties as jurors. To that end, in consultation with counsel for the defendant, the United States has no objection to the jury administrator playing the National Constitution Center's video about jury service that the defendant referenced in his pleading. (Doc. 101 at 4). Alternatively, or in addition to, the Court may want to consider the following language for use during voir dire:

> We in this country enjoy great freedoms and rights of citizenship not available to many around the world. Most Americans live a lifestyle and enjoy benefits that are envied by millions. Yet with such great blessings also come great responsibilities. Jury service by the average citizen is a small price to pay for the benefits we reap in return, especially when we consider the sacrifices of our servicemen and servicewomen around the world made in effort to preserve American democracy. Jury service is often inconvenient, but it too, is crucial to maintain our democracy.

*In re Heritage Propane*, 2007 WL 433290, at *2 (E.D. Tenn. Feb. 6, 2007) (modified).

3

Respectfully submitted this 27th day of February, 2020.

        ERIC S. DREIBAND
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

        FARA GOLD
        Special Litigation Counsel
        MAURA WHITE
        Trial Attorney
        Civil Rights Division, Criminal Section
        U.S. Department of Justice
        950 Pennsylvania Ave, NW
        Washington, DC 20530