## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                                    **No. 4:17-cr-267-DPM**

**ERIC SCOTT KINDLEY**                                    **DEFENDANT**

### ORDER

The Court has benefitted from the parties' timely briefing on their objections to the 30 July 2020 presentence report.  For the reasons that follow, the Court overrules both parties' objections and directs two tweaks to the report.

**DNA Evidence - Paragraph 48.**   This paragraph accurately summarizes the DNA evidence offered at trial and also captures the parties' respective positions about its value.  Kindley's objection goes primarily to the weight the Court should give this evidence, not to whether it's appropriately included in the presentence report.  The objection is therefore overruled.  In any event, the DNA evidence is not central to arriving at a fair and just sentence in this case.  FED. R. CRIM. P. 32(i)(3)(B).

**Kidnapping and Abduction - Paragraphs 66 & 73**.  Kindley objects to using kidnapping as an underlying offense for purposes of USSG § 2H1.1(a)(1).  This objection doesn't affect the advisory Guidelines range because the criminal sexual abuse Guideline — not the

kidnapping Guideline—drives Kindley's offense level.   Nonetheless, the objection is overruled.   The jury concluded beyond a reasonable doubt that Kindley's conduct in Counts 1 and 2 involved kidnapping. *Doc. 124 at 2 & Doc. 125 at 3.*   And the Court stands by its instruction that kidnapping includes seizing, confining, keeping, or detaining someone without her consent for the purpose of sexual gratification. *Doc. 123 at 15 & 24*;   EIGHTH CIRCUIT MODEL CRIMINAL INSTRUCTION 6.18.1201;   *United States v. Guidry*, 456 F.3d 493, 509–11 (5th Cir. 2006).

Kindley also objects to the abduction enhancement applied when analyzing Counts 1 and 2 under the criminal sexual abuse Guideline. USSG § 2A3.1(b)(5).   He argues that his conduct doesn't fit within various dictionary definitions of "abduction."   But the definition that matters here is the one found in the Guidelines:   "'Abducted' means that a victim was forced to accompany an offender to a different location."   USSG § 1B1.1, cmt. n.1(A).   The United States proved that that's what happened to each victim in this case.   This objection is therefore overruled, too.

**Custody, Color of Law, and Physical Restraint - Paragraphs 66 & 73, 68 & 75, and 69 & 76.**   Kindley received a two-level increase for the victims being in his custody, care, or supervisory control and a six-level increase for acting under color of law.   *Doc. 146 at 7–9 & n.4*;

- 2 -

USSG §§ 2A3.1(b)(3) & 2H1.1(b)(1)(B).  His objection to each is similar: He already received a four-level increase for his offense involving "conduct described in 18 U.S.C. § 2241(a) or (b)[.]"  USSG § 2A3.1(b)(1);  *PSR at ¶¶ 66 & 73*.  He believes that statute already contemplates custody of a prisoner and, by extension, action under color of law.  18 U.S.C. § 2241(a) & (b).  He therefore argues that applying either of these two enhancements is impermissible double counting.

The Court is not persuaded by Kindley's argument.  Federal custody is one jurisdictional hook for a § 2241 offense.  But it does not follow that every § 2241 offense involves a victim in custody or action under color of law.  The four-level increase in § 2A3.1(b)(1) distinguishes between sexual abuse under § 2242 and aggravated sexual abuse under § 2241, logically treating the latter more harshly. This Guideline doesn't account for a victim in custody or for a defendant acting under color of law.  Thus, neither of those enhancements is impermissibly duplicative.*

Kindley also argues that applying the color-of-law enhancement is double counting because that was an element of his offense.  This

---

* Kindley previously objected to these enhancements as duplicative of one another, too.  He has since withdrawn that objection.  *Doc. 146 at 9.*

- 3 -

argument fails, too.  The statute of conviction does require action under color of law.  18 U.S.C. § 242.  But the Guidelines at issue cover a wider swath of conduct than § 242 offenses.  USSG §§ 2A3.1 & 2H1.1.  Because the relevant Guidelines don't begin with the premise that a defendant acted under color of law, it's appropriate to account for that fact by way of a specific offense characteristic later in the calculus.  *United States v. Glinn*, 863 F.3d 985, 989–90 (8th Cir. 2017).

Last, physical restraint.  Kindley previously objected to this two-level enhancement, arguing that it necessarily duplicated the enhancement for acting under color of law.  *Doc. 146 at 8 n.4*;  USSG § 3A1.3.  There's some murkiness about whether he maintains an objection here because the briefing speaks in terms of "custody," echoing the earlier enhancement.  *PSR at ¶¶ 66 & 73*;  USSG § 2A3.1(b)(3).   In any event, any remaining objection to this enhancement is overruled.  Neither the base offense level nor any of the previous increases or specific offense characteristics necessarily contemplate forcible restraint of a victim.  USSG § 1B1.1, cmt. n.1(L).  This enhancement was appropriately applied.

**Paragraphs 71 & 78 – Obstruction of Justice.**  Kindley's final objection is to the two-level enhancement for obstruction of justice.  USSG § 3C1.1.  Obstruction includes "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct

constituting the offense of conviction."   USSG § 3C1.1, cmt. n.4(K). Further, even if obstructive conduct occurs before an investigation begins, it may still be covered by the Guideline "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."  USSG § 3C1.1, cmt. n.1.

Both E.S. and A.M. testified at trial about comments Kindley made to discourage them from reporting him—telling them that what happens in the van stays in the van and that no one would believe them. More directly, E.S. testified that the day after her assault, Kindley told her that if she said anything, he knew a prosecutor who would give her the max sentence for her crime.  The Court concludes that, at the very least, this particular threat fits within the Guidelines' examples of obstructive conduct and was both calculated and likely to thwart investigation or prosecution.  USSG § 3C1.1 cmt. n.1 & 4(K).  The two-level enhancement therefore applies.

**USSG § 3A1.1(b)(1) – Vulnerable Victim.**  The United States' only objection to the presentence report is that Kindley should have a received a two-level vulnerable victim enhancement.  It concedes, though, that a ruling is unnecessary because Kindley's offense level is already well above the sentencing chart's level 43 cut-off.  In any event, the Court agrees with the probation officer on this point.  The factors that made Kindley's victims particularly vulnerable—their

being in his custody, their physical restraint, and his acting under color of law—are all incorporated in the offense guideline and other enhancements already applied.  This objection is therefore overruled.

**Two Tweaks.**  Based on the rulings in this Order, the Court concludes that the Guidelines calculation in the 30 July 2020 presentence report is correct.  The Court does, however, direct two changes at the margin:  First, in Paragraphs 66 and 73, the second heading should read "Criminal Sexual Abuse" instead of "Criminal Sexual Assault."   USSG § 2A3.1.   Second, the Offense Level Computation section of the presentence report does not address Count 3.   This is likely because the computation is simple:   the Guidelines recommendation for Count 3 is the five-year statutory minimum.  USSG § 2K2.4(b).  Nonetheless, it would be helpful to the Court to have a paragraph to that effect added.  It should be inserted after Paragraph 86.

**Housekeeping.**  Kindley's lawyer has informally advised that he doesn't object to the amounts in the United States' motion for restitution, *Doc. 145*.  The Court directs the United States to file a sealed paper by 6 November 2020 with the addresses where the Clerk should mail restitution payments.  If payments will be mailed directly to the victims, then the paper may be filed *ex parte* with a redacted version provided to opposing counsel.

* * *

Objections overruled.  The Court directs the Clerk to provide a copy of this Order to the United States Probation Office.

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 October 2020